```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

WILLIAM SANFORD GADD,

    Movant,

v.                                     CIVIL ACTION NO. 1:07-0311
                                            CRIMINAL NO.    1:02-00240

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on April 2, 2008, in which he recommended that the District Court deny plaintiff's motion pursuant to 28 U.S.C. § 2255, deny his motion for declaratory judgment filed on October 26, 2007, deny his motion for default judgment filed on March 17, 2008, and remove this matter from the court's docket.

      In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On April 14, 2008, Gadd filed a "Petition to Strike Proposed Findings and Recommendation dated April 2, 2008." To the extent possible, the court has construed this document and any attachments as plaintiff's objections to the Proposed Findings and Recommendation.

Plaintiff's primary objection seems to be that the court lacked jurisdiction over his criminal case. This objection is clearly without merit. 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." According to the Fourth Circuit, "[s]ubject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the `jurisdictional' inquiry." United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006) (quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999)). Furthermore, a review of the indictment shows that it complies with the requirements of Fed. R. Crim. P. 7(c)(1). Based on the foregoing, Gadd's objection to the court's jurisdiction is **OVERRULED**. To the extent Gadd has raised any other objections, they are also **OVERRULED**.

2

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** Gadd's motion pursuant to 28 U.S.C. § 2255, **DENIES** his motion for declaratory judgment filed on October 26, 2007, **DENIES** his motion for default judgment filed on March 17, 2008, and directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 4th day of February, 2009.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge